ALBERT M. NEELEY, Respondent, v. ERIE RAILROAD COMPANY, Appellant.

Third Department, November 10, 1909.

Trial — change of venue — place of tort — convenience of witnesses.

An action brought to recover damages for the forcible ejection of the plaintiff from a railroad train should be changed to the county where the alleged tort was committed, when the defendant has twenty-four witnesses in that and adjacent counties who will testify concerning the transaction and to the demeanor of the plaintiff thereafter, and the plaintiff has only nineteen witnesses, whose testimony will relate only to his physical condition before and after the assault.

Such change of venue should not be refused merely because the plaintiff offers to stipulate that he made no complaint of the injury to the defendant's witnesses, for the bearing of the plaintiff and his conversation are important facts as to which he cannot stipulate.

COCHRANE, J , dissented.

APPEAL by the defendant, the Erie Railroad Company, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Saratoga on the 23d day of March, 1909, denying the defendant's motion to change the place of trial.

*Lyon & Painter* [*H. Fred Lyon* of counsel], for the appellant.

*Jenkins, Kellogg & Barker* [*J. H. Barker* of counsel], for the respondent.

SMITH, P. J.:

In September, 1908, the plaintiff shipped a carload of cattle from Fort Edward, N. Y., to Buffalo by way of the Delaware and Hudson Company and the defendant's roads. He paid the freight and took a receipt, which he claims entitled him to ride upon the train upon which the cattle were taken. When he got to Binghamton he alleges that the employees of the defendant forcibly ejected him from the train while the train was in motion and thereby caused him injury for which he has here sued to recover damage. The venue was laid in Saratoga county where plaintiff resides, and the defendant has made this motion to change the place of trial to the county of Broome.

The defendant claims twenty-four witnesses for whose convenience they ask this change; seven of these witnesses reside in Steuben county, fourteen in Broome county, two in Erie county and one in Wyoming county. The plaintiff on the other hand claims nineteen witnesses, eighteen of whom reside in Saratoga and one in Washington county. Of the plaintiff's nineteen witnesses, the doctor who, it is claimed, will swear to the plaintiff's injuries, resides in Warren county. The other witnesses are simply neighbors and friends who will testify that prior to the date of the alleged injury the plaintiff was apparently a well man, while afterwards he appeared to be a man who had been disabled and crippled. The defendant's witnesses, a number of them will swear that they were upon the train from which this plaintiff alleges he was ejected, and they all will swear that they have no knowledge of any such ejection of plaintiff. A number of others swear that they saw the plaintiff after the time of his alleged ejection from the train, and that he appeared perfectly well and did not appear to have been injured in any way and made no complaint whatever of any injury. Others swear as to the speed at which the train moved out from the yard at Binghamton, and it is claimed it was not moving more than two or three miles an hour at the time the plaintiff claims he was ejected therefrom.

Under such conditions we are of the opinion that the learned judge at Special Term erred in refusing to change the place of trial to the county of Broome. The condition of plaintiff before and after the accident can be shown by the physician and by one or two witnesses, and if the case be *bona fide*, it is not a fact to dispute which the defendant can bring witnesses. The main contention is upon the question as to whether the plaintiff was in fact ejected from the defendant's train. Upon that contention all the witnesses, except the plaintiff himself, reside either in Broome county or upon the line of the defendant's road. All the witnesses, who were trainmen, upon this trial will necessarily be sworn. The witnesses who saw the plaintiff after the time that he alleges he was ejected, and to whom he made no complaints, are all of them very material witnesses, as it is very unlikely the plaintiff would then have remained silent if he had received the treatment which he now claims to have received at that time. It is true the plain-

tiff offers to stipulate that he made no complaint to these various employees of the defendant whom he afterwards saw, and if this order should stand it should stand upon the condition that such a stipulation be filed. But the bearing of the plaintiff, his conversation, both what he did and said, are important facts to be shown in defendant's behalf, to which the plaintiff could not stipulate. Again, it is true that most of the defendant's witnesses are its employees. It has never been held that the court will not consider the convenience of employee witnesses in determining where the place of trial should be held. It is undoubtedly true that their convenience will be less considered than the convenience of witnesses who are not in any way connected with the parties. This injury, however, is claimed to have occurred in Broome county. Upon the main point of contention all of the witnesses, except the plaintiff, reside there or within easy access. The ends of justice would, in our judgment, be promoted by requiring that this action be tried in Broome county. The order should, therefore, be reversed, without costs, and the motion granted, with costs to defendant to abide the event of the action.

All concurred, except COCHRANE, J., dissenting.

Order reversed, without costs, and motion granted, with ten dollars costs to defendant to abide the event of the action.